IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-02461-MSK-OES

LEPRINO FOODS COMPANY,

    Plaintiff,

v.

FELDMEIER EQUIPMENT, INC.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Defendant's motion for summary judgment **(#69)** and the Plaintiff's motion for leave to file a surreply **(#81)**. Having considered both motions and the responses and replies thereto, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

The Court must determine whether the Plaintiff's claims are barred by the statute of limitations or by a settlement agreement entered into between the parties.

### III. Material Facts

The following facts are undisputed:

    1.    The Plaintiff ("Leprino") commenced this action on November 4, 2003. It asserts five state law claims against Feldmeier Equipment, Inc. ("Feldmeier") for the sale of an allegedly

defective silo. Leprino contends that the silo was defective because "the vent and overflow arrangement is not capable of performing in accordance with the Agreements' specifications and does not act as a failsafe mechanism as represented and agreed by" Feldmeier.

2. Leprino's claims arise from an Equipment Purchase Agreement. Such agreement required Feldmeier to provide a 33,000 gallon silo to Leprino's facility in Waverly, New York ("the Waverly facility").

3. The Equipment Purchase Agreement contains several warranties. It provides in part:

> All goods, materials and equipment furnished under this Agreement will be fit for the purpose intended, merchantable, of good quality, new, free from faults and defects (whether patent or latent) in material or workmanship and in conformance with this Agreement . . . . The provisions of this Paragraph shall survive acceptance of the Equipment by Leprino, and shall run to Leprino's successors, assigns, customers and users of Leprino's product. . . .

It also provides:

> Seller agrees that for a period of twelve months from and after the date of Final Completion, the Equipment is guaranteed to be and remain free from defects in material and workmanship under normal and proper use. . . . Nothing contained in this Paragraph shall be construed to establish a period of limitation with respect to other obligations which the Seller might have under this Agreement. Establishment of the time period of one year as described in this Paragraph relates only to the specific obligation of Seller to correct the Work, and has no relationship to the time within which the obligation to comply with this Agreement may be sought to be enforced, or to the time within which proceedings may be commenced to establish the Seller's liability with respect to the Seller's obligations other than specifically to correct the Work.

The date of "Final Completion" occurs when: "(i) the Work has been fully performed in accordance with this Agreement and (ii) the Equipment has operated at not less than 100%

capacity, efficiency and performance . . . for 5 consecutive days of at least 20 continuous operating hours."

    4.     Feldmeier delivered the silo to the Waverly facility in July 2000. The silo was damaged at the time of delivery.

    5.     After negotiation, Leprino and Feldmeier entered into a settlement agreement on September 25, 2000 for the purpose of resolving certain "Disputes."

    6.     The "Disputes" resolved by the settlement agreement were those outlined in an attachment to the settlement agreement, which the settlement agreement incorporated by reference. The only "Dispute" relating to the Waverly facility pertained to the delayed delivery of the silo.

    7.     The settlement agreement also states: "The parties acknowledge that they may hereafter discover facts different from, or in addition to, those which each now knows or believes to be true, and each of the parties agrees that this Settlement shall be and remain effective in all respects notwithstanding such different or additional facts, or the discovery thereof."

    8.     Feldmeier delivered the repaired silo to the Waverly facility on October 16, 2000.

    9.     Leprino initiated a separate lawsuit in state court against Feldmeier. During such lawsuit, Leprino's expert prepared a report identifying defects in the venting and overflow arrangement of the silo delivered to the Waverly facility. Leprino received such report on October 17, 2003.

The following facts are disputed and construed in the light most favorable to Leprino, as the non-movant:

    1.     According to Feldmeier, Leprino believed as early as December 14, 2000 that

there was a design defect with respect to the vent and overflow configuration in the 60,000 gallon silos manufactured by Feldmeier. Feldmeier contends that this evidence shows that Leprino had notice of the defect in the 33,000 gallon silo.

2.   According to Leprino, it did not discover that the 33,000 gallon silo delivered to the Waverly facility was defective in the manner alleged in this lawsuit until it reviewed an expert report prepared in connection with other litigation involving defects in other silos.

### IV.  Standard of Review

Determination of claims or defenses on their merits without a trial is governed by Rule 56 of the Federal Rules of Civil Procedure, which facilitates the entry of a judgment if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 authorizes summary adjudication when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law determines the material facts and issues. It specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(e).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence for a reasonable jury to find in favor of the non-movant on the claim or defense that the non-movant is obligated to prove.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When the facts are undisputed, the Court can enter judgment for either party as compelled by the law.  *See* Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 2720 ("[S]ummary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56.").

### V.  Analysis

**A.  Statute of Limitations**

Feldmeier contends that, under Colorado law, Leprino's claims are barred by either a 2- or 3-year statute of limitations because they accrued at the time the silo was delivered to the Waverly facility on October 16, 2000.  Leprino responds that its causes of action did not accrue until it discovered that the silo was defective on October 17, 2003.  The parties agree that Feldmeier bears the burden of proving that Leprino's claims are time-barred.

Leprino asserts the following claims in this action: (1) breach of contract; (2) negligence;

(3) breach of implied/express warranties; (4) negligent misrepresentation/manufacturer's liability based on negligence; and (5) strict product liability for misrepresentation. The statute of limitations for these claims is 2 years as to the second, fourth and fifth claims, but 3 years as to the first and third claims. *See* § 13-80–106, C.R.S.; § 4-2-725, C.R.S.

The negligence, misrepresentation and strict liability claims accrued on the date that the injury or misrepresentation was, or should have been, discovered by the exercise of reasonable diligence. *See* § 13-80-108(8), C.R.S.; *see also Boyd v. A.O. Smith Harvestore Products, Inc.,* 776 P.2d 1125, 1128 (Colo. App. 1989). Accrual of the breach of contract/breach of warranty claims is governed by § 4-2-725(2), C.R.S., which provides:

> A cause of action [for breach of any contract for sale] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made; except, that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

A warranty "explicitly extends to future performance" when it expressly guarantees that a product will perform in a certain way over a period of time. *See Smith v. Union Supply Co.*, 675 P.2d 333, 335 (Colo. App. 1983). If such warranty exists, then a cause of action does not accrue at the time the product is delivered and instead accrues at the time the buyer knows, or should have known, of a defect. It is not necessary to know the exact defect, only that there might be one. *See Boyd,* 776 P.2d at 1127.

The terms of the warranties in the Equipment Purchase Agreement are not disputed; the parties simply disagree as to whether they extend to Feldmeier's future performance. The Court

interprets the Equipment Purchase Agreement as a matter of law.[1]  *See B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 136 (Colo. 1998).  The primary goal of contract interpretation is to determine and give effect to the intent of the parties.  *See Ad Two, Inc. v. City and County of Denver,* 9 P.3d 373, 376 (Colo. 2000).  The parties' intent is determined primarily from the language of the instrument itself, however if the contract's terms are ambiguous, a court must ascertain the parties' mutual intent.  *See id.*  If mutual intent cannot be derived from the document, a court may consider parol evidence.  *See id.*  If no mutual intent can be ascertained, a court may resort to principles of contract construction, including the rule that ambiguous language be construed strictly against the drafter.  *See Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999).

The warranties in the Equipment Purchase Agreement are unambiguous.  Feldmeier guaranteed that the silo would be free from defects.  Such warranty "shall survive acceptance of the Equipment by Leprino, and shall run to Leprino's successors, assigns, customers and users of Leprino's product[.]" Therefore, the warranty guarantees future performance of the silo.  As a consequence, Leprino's breach of contract and breach of warranty claims did not accrue on October 16, 2000, and instead accrued when it knew, or should have known, that the silo was defective.

It is undisputed that Feldmeier delivered the silo to the Waverly facility on October 16, 2000, that Leprino received the report from its expert detailing the alleged defect on October 17, 2003, and that Leprino commenced this action on November 4, 2003.  However, it is disputed

---

[1] The settlement agreement states that it is governed by Colorado law.  Because both parties apply Colorado law in their respective briefs, the Court also applies Colorado law.

whether Leprino knew, or should have known, prior to October 17, 2003 that the silo was defective.

Feldmeier has presented evidence that Leprino believed there was a vent and overflow defect in a 60,000 gallon silo manufactured by Feldmeier as early as December 14, 2000. According to Feldmeier, this evidence establishes that Leprino either knew, or should have known, that there was also a defect in the 33,000 gallon silo delivered to the Waverly facility. However, Leprino has presented an affidavit from its Assistant Corporate Counsel stating that Leprino did not learn about the defects in the 33,000 gallon silo until it received the expert report on October 17, 2003. This gives rise to a genuine dispute of material fact as to when Leprino knew of the defect.

Notwithstanding such dispute, it is Feldmeier's contention that Leprino's causes of action accrued on December 14, 2000. If so, then the breach of contract and breach of warranty claims are not barred as a matter of law because such claims were asserted less than 3 years later. The factual dispute bears only upon whether the remaining three claims are time-barred. Therefore, the Court grants summary judgment in favor of Leprino on Feldmeier's statute of limitations defense to Claims 1 and 3, but denies Feldmeier's request for summary judgment on this defense as to the remaining claims.

**B. Contractual Bar**

Feldmeier contends that Leprino's claims are contractually barred by a settlement agreement pursuant to the "doctrine of release." *See* Colo. Civ. Jury Inst. 30:31 (addressing affirmative defense of release). Leprino responds that the settlement agreement pertained only to Feldmeier's delay in manufacturing and delivering a silo to the Waverly facility, not to any silo

defects. The parties agree that Feldmeier bears the burden of proving this defense.

The terms of the settlement agreement are undisputed; the parties simply disagree as to its meaning. As with the Equipment Purchase Agreement, the Court interprets the settlement agreement as a matter of law.

The language of the settlement agreement is plain. The parties agreed to settle certain identified "Disputes." The only "Disputes" resolved by such agreement were those specifically outlined in the attachment to such agreement. The claims asserted in this lawsuit are not among such "Disputes."

Feldmeier contends that the following provision in the settlement agreement constitutes a bar to future claims: "The parties acknowledge that they may hereafter discover facts different from, or in addition to, those which each now knows or believes to be true, and each of the parties agrees that this Settlement shall be and remain effective in all respects notwithstanding such different or additional facts, or the discovery thereof."  The Court rejects such interpretation because this language must be read to apply to the identified disputes. This language simply provides that the parties are bound by the settlement agreement as to the identified disputes even if they subsequently discover new facts. This language does not expand the scope of the settlement agreement to disputes not identified. As a consequence, the Court concludes that as a matter of law, the settlement agreement does not bar Leprino's claims. It therefore grants summary judgment in favor of Leprino on Feldmeier's defense of release.

**C.  Motion for Leave to File Surreply**

Leprino seeks leave to file a surreply in connection with the summary judgment briefing. Because the Court has ruled in Leprino's favor on the summary judgment motion, such request is

moot.

**IT IS THEREFORE ORDERED** that:

(1) Feldmeier's motion for summary judgment **(#69)** is **GRANTED IN PART AND DENIED IN PART**. Leprino is entitled to judgment as a matter of law on Feldmeier's defense of statute of limitations with regard to Claims 1 and 3 and on Feldmeier's defense of release.

(2) Leprino's motion for leave to file a surreply **(#81)** is **DENIED**, as moot.

Dated this 3rd day of February, 2006

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge